UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CYNTHIA CAMPBELL and HARRY CAMPBELL,   **ANSWER**

                Plaintiffs,   07 CV 7419 (RJH)(RLE)

  -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                Defendant.
-------------------------------------------------------------X

       Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

       FIRST: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "1" of the Complaint.

       SECOND: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "2" of the Complaint, except admits defendant had a place of business located in the County of New York, City and State of New York.

       THIRD: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

       FOURTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

       FIFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

       SIXTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "6" of the Complaint.

SEVENTH:  Defendant Amtrak admits the truth of each and every allegation contained in paragraph "7" of the Complaint.

EIGHTH:  Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH:  Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "10" of the Complaint.

ELEVENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "11" of the Complaint.

TWELFTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "12" of the Complaint.

THIRTEENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "13" of the Complaint.

### WITH RESPECT TO THE FIRST CAUSE OF ACTION

FOURTEENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "14" of the Complaint.

FIFTEENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "15" of the Complaint.

### WITH RESPECT TO THE SECOND CAUSE OF ACTION

SIXTEENTH:  With respect to the allegations contained in paragraph "16" of the Complaint, defendant Amtrak repeats, reiterates and realleges each and every response contained

in paragraphs "FIRST" through "FIFTEENTH" of this Answer with the same force and effect as if fully set forth at length herein.

SEVENTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "18" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

NINETEENTH: Any injuries suffered by plaintiff were caused solely by her own negligence and not by any negligence of the defendant Amtrak.

### SECOND AFFIRMATIVE DEFENSE

TWENTIETH: Any injuries suffered by plaintiff were caused, in part, by her own negligence, and any recovery by plaintiff must be diminished in proportion to that part of her injuries attributable to her own negligence.

### THIRD AFFIRMATIVE DEFENSE

TWENTY-FIRST: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: If plaintiffs have sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: Plaintiffs failed to mitigate or otherwise act to lessen or reduce the

damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: This action should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404.

**WHEREFORE**, defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated:    New York, New York
          August 24, 2007

                                        Respectfully submitted,

                                        LANDMAN CORSI BALLAINE & FORD P.C.

                                 By:    /s/ Mark S. Landman
                                        Mark S. Landman (ML 7654)
                                        Attorneys for Defendant Amtrak
                                        120 Broadway, 27th Floor
                                        New York, New York  10271-0079
                                        (212) 238-4800

TO:   BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.
      Attorneys for Plaintiffs
      225 West 34th Street
      New York, N.Y. 10122
      (212) 564-3555

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

That on the 24th day of August, 2007, deponent served the within **ANSWER**

upon

>Roger M. Kunkis, Esq.
>Bauman, Kunkis & Ocasio-Douglas, P.C.
>225 West 34th Street
>New York, New York 10122
>(212)564-3555

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Miriam Deikun

Sworn to before me this
24th day of August 2007

_____
Notary

NANCY SEVERE
Notary Public, State of New York
No. 01SE5058540
Qualified in Nassau County
Commission Expires April 8, 2010